IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>TYLER VON, OUTBACK DIRTWORKS, LLC, CHRISTOPHER RYAN ELTISTE, SHARON LYNN ELTISTE, and DOES 1–10,<br><br>Defendants. | CV 24–1–M–DWM<br>Lead Case |
| CHRISTOPHER RYAN ELTISTE and SHARON LYN ELTISTE,<br><br>Plaintiffs,<br><br>v.<br><br>NAUTILUS INSURANCE COMPANY,<br><br>Defendant. | CV 24–41–M–DWM<br>Member Case<br><br>ORDER |

This insurance coverage dispute arises out of the construction of a residential home in Stevensville, Montana. Although there are several pending motions, the primary question before the Court is whether these matters should be remanded to

1

the state court to determine coverage. Ultimately, because remand is not appropriate, the cases will be consolidated and a trial schedule set.

## BACKGROUND

In 2023, Christopher and Sharon Eltiste (the "Eltistes") hired Tyler Von and his business Outback Dirtworks, LLC (collectively "Outback") to build a retirement home in Stevensville, Montana. (CV 24–1–M–DWM, Doc. 1-2 at ¶¶ 11–15.) Outback agreed to perform the work for a fixed-price of $315,000, and the Eltistes made a downpayment of $93,500. (*Id.* ¶¶ 14, 16.) But Outback had never constructed a home before and the small amount of excavation work performed at the job site damaged the Eltistes' property. (*Id.* ¶¶ 19–22.) In April 2023, the Eltistes terminated Outback's work, and Outback refused to refund their downpayment. (*Id.* ¶¶ 23–24.)

On May 4, 2023, the Eltistes sued Outback in state court (the "Underlying Action"), alleging that Outback had improperly performed excavation work on the homesite, rendering it unsuitable for a foundation. (*See generally id.*) The Underlying Action did not name Outback's insurer, Nautilus Insurance Company, or include any coverage claims.

On January 3, 2024, Nautilus filed a coverage action in this Court, seeking a declaration under the Declaratory Judgment Act, 28 U.S.C. § 2201, that it had no duty to defend or indemnify Outback or to provide any coverage benefits under

2

Outback's Policy (the "Nautilus Action") related to the Underlying Action. (CV 24–1–M–DWM, Doc. 1 at 29.) Nautilus also sought recission of the Policy. (*Id.*)

On January 19, 2024, the Eltistes filed a second complaint in state court (the "Eltiste Action") against Outback and Nautilus, seeking declaratory judgment under Montana's Uniform Declaratory Judgment Act, Mont. Code Ann. §§ 27–8–201, *et seq.*, that they are intended beneficiaries of the Policy, that they had reasonable expectations of coverage under the Policy, and that Nautilus had a duty to pay them damages under the Policy. (*See* CV 24–1–M–DWM, Doc. 9-3.)

On January 23, 2024, the Eltistes filed a motion to dismiss the Nautilus Action on abstention grounds. (CV 24–1–M–DWM, Doc. 8.) On February 23, 2024, Nautilus filed a motion for entry of default against Outback. (CV 24–1–M–DWM, Doc. 14.) Subsequently, the Eltistes moved to stay the entry of default pending a resolution of their motion to dismiss. (CV 24–1–M–DWM, Doc. 15.) Counsel for the Eltistes also filed his notice of appearance on behalf of Outback, (CV 24–1–M–DWM, Doc. 20), a notice that Outback joined in the abstention motion, (CV 24–1–M–DWM, Doc. 21), and a notice that judgment had been entered in the Underlying Action and that Outback has assigned its rights to the Eltistes in exchange for a covenant not to execute, (CV 24–1–M–DWM, Doc. 22).

On March 18, 2024, judgment was entered against Outback in the Underlying Action in the amount of $540,620. (CV 24–41–M–DWM, Doc. 6-2.)

3

Consistently, the Eltistes amended their complaint in the Eltiste Action on April 1, 2024, to remove Outback as defendants. (*See* CV 24–41–M–DWM, Doc. 1-2 at 1.) On April 5, 2024, Nautilus properly removed the Eltiste Action to this Court. (*See id.*)

As a result of the above, there is no longer a parallel state proceeding but rather two federal actions: CV 24–1–M–DWM, Nautilus' original coverage case (the "Nautilus Action"), and CV 24–41–M–DWM, the Eltistes' removed coverage case (the "Eltiste Action"). There are five pending motions across the two cases. A motion hearing was held on May 14, 2024. There are three motions in the Nautilus Action: (1) the Eltistes' motion to dismiss on abstention grounds, (CV 24–1–M–DWM, Doc. 8); (2) Nautilus' motion for entry of default against Outback, (CV 24–1–M–DWM, Doc. 14); and (3) the Eltistes' motion to stay entry of default, (CV 24–1–M–DWM, Doc. 15). The remaining two motions are in the Eltiste Action: (1) the Eltistes' motion to remand, (CV 24–41–M–DWM, Doc. 5), and (2) the Eltistes' motion for joinder, (CV 24–41–M–DWM, Doc. 10).

## ANALYSIS

Ultimately, how this Court proceeds in both cases turns on whether the Eltiste Action is remanded back to the state court. Accordingly, the Eltiste Action is discussed first below.

I.     **CV 24–41–M–DWM: Eltiste Action**

4

In the Eltiste Action, the Eltistes have moved for remand to the state court, (CV 24–41–M–DWM, Doc. 5), and to join as defendants Outback's insurance broker and local agency—Brian Potton and Brian K. Potton Insurance Agency, Inc. (collectively the "Potton Defendants"), (CV 24–41–M–DWM, Doc. 10). Although Nautilus opposes remand, (*see* CV 24–41–M–DWM, Doc. 8), it does not oppose joinder, (*see* CV 24–41–M–DWM, Doc. 13). The motion to remand is denied and the motion for joinder is granted.

## A. Remand

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (collecting cases). Here, the Eltistes request the Eltiste Action be remanded based on *Burford* abstention, *see Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), and general principles of comity. As argued by Nautilus, remand is not appropriate on either ground. As to the first, *Burford* abstention requires:

> (1) that the state has chosen to concentrate suits challenging the actions of the agency involved in a particular court; (2) that federal issues could not be separated easily from complicated state law issues with respect to which the state courts might have special competence; and (3) that federal review might disrupt state efforts to establish a coherent policy.

*Blumenkron v. Multnomah Cnty.*, 91 F.4th 1303, 1311–12 (9th Cir. 2024) (internal quotation marks omitted). This case presents contractual interpretation issues under a commercial general liability insurance policy; it does not implicate the

5

administrative state. Thus, *Burford* does not apply. *See United States v. Morros*, 68 F.3d 695, 705 (9th Cir. 2001) (emphasizing that *Burford* focuses on avoiding federal judicial interference with a state's regulatory regime). Nor do general considerations of comity warrant remand. The Eltistes do not dispute that, as it currently stands, this Court had diversity jurisdiction over the removed Eltiste Action under 28 U.S.C. § 1441. Rather, they characterize Nautilus' removal of the case as predatory. (*See* CV 24–41–M–DWM, Doc. 6 at 4 ("As soon as . . . [complete diversity existed] Nautilus moved in for the kill and removed the state action to this Court, smacking their lips in victory.").) But the existence of a public policy argument does not alter this Court's subject matter jurisdiction or the mandate that "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush*, 517 U.S. at 716. Accordingly, the Eltistes' motion to remand the Eltiste Action is denied.

**B.    Joinder**

The Eltistes also seek to join the Potton Defendants in the Eltiste Action. (*See* CV 24–41–M–DWM, Doc. 10.) Although Nautilus does oppose this request, (*see* CV 24–41–M–DWM, Doc. 13), there is disagreement between the parties regarding how joinder affects this Court's subject matter jurisdiction. That issue is therefore addressed below as the Court has an independent duty to ensure subject

6

matter jurisdiction exists.[1] *Cf. United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

There is no question that, at the time of removal, there was complete diversity between the Eltistes, as residents of California, and Nautilus, a resident of Arizona, and therefore this Court had diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* CV 24–41–M–DWM, Doc. 1; Doc. 4 at 1.) The addition of the Potton Defendants does not destroy diversity because they would be the only Montana parties in the case. Thus, joinder and remand under 28 U.S.C. § 1447(e) is not at issue. *See* 28 U.S.C. § 1447(e) ("If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."). Nor, contrary to the Eltistes' position, does joinder run afoul of 28 U.S.C. § 1441(b)(2). Indeed, § 1441(b)(2) provides that if jurisdiction lies "solely" under § 1332(a), removal is not appropriate "if any of the parties in interest properly joined and served as a defendant is a citizen of the State in which such action is

---

[1] Although not briefed, this issue was discussed thoroughly at the May 14, 2024 motion hearing.

7

brought." Nevertheless, "[t]he forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed." *Spencer v. U.S. Dist. Ct. for N. Dist. of Cali.*, 393 F.3d 867, 871 (9th Cir. 2004). The post-removal joinder of the Potton Defendants, even though "forum defendants," does not "oust" subject matter jurisdiction here. *Id.*

Consistent with the above, the Eltistes' motion for joinder is granted. They may file an amended pleading by the deadline outlined below.

## II. CV 24–1–M–DWM: The Nautilus Action

In the Nautilus Action, Nautilus seeks both a declaration of coverage as well as recission of the Policy. (*See* CV 24–1–M–DWM, Doc. 1.) Prior to the removal of the Eltiste Action, the Eltistes sought to dismiss or stay the Nautilus Action in light of the Eltiste Action proceeding in state court. (*See* CV 24–1–M–DWM, Doc. 8.) Because there is no longer a parallel state court proceeding, *see supra*, that motion is denied as moot. Likewise, subsequent developments in the case, (*see* CV 24–1–DWM–M, Docs. 20, 21), have mooted both Nautilus' request for entry of default, (CV 24–1–DWM–M, Doc. 14), and the Eltistes' motion to stay that entry, (CV 24–1–DWM–M, Doc. 15).

## III. Consolidation

There being common issues of fact and law, consolidation of the above-captioned cases is appropriate pursuant to Federal Rule of Civil Procedure 42(a)(2).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1. The pending motions in CV 24–1–M–DWM (Docs. 8, 14, 15) are DENIED as MOOT.

2. The motion to remand in CV 24–41–M–DWM (Doc. 5) is DENIED

3. The unopposed motion for joinder in CV 24–41–M–DWM (Doc. 10) is GRANTED. The Eltistes must file their amended pleading within twenty-one (21) days of the date of this Order.

4. The above-captioned cases are consolidated for all further proceedings under the case number CV 24–1–M–DWM and captioned as shown above. The Clerk of Court shall file this Order in the docket for each case. Pleadings and answers are to be filed in the docket for the appropriate case. All other documents shall be filed in the lead case, CV 24–1–M–DWM, and spread to the member case.

5. A trial schedule shall be set by separate order.

DATED this 15th day of May, 2024.

_____
Donald W. Molloy, District Judge
United States District Court

9